Ralph Kermit Winterrowd 2nd
P.O. Box 877109
Wasilla,
Alaska territory
The United States of America [99687]
(907) 357-8003, (907) 357-8007 Fax)
ralph@jusbelli.com

RECEIVED
JUL 30 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# The United States of America

# The United States

# District of Alaska

# District Court of the United States

Ralph Kermit Winterrowd 2nd

*Plaintiff,*

*versus.*

BRAD L. NELSON, Individually; and,
JOHN R. CYR, Individually; and,
JORGE A. SANTIAGO; and,
ROBERT M. BATY, Individually; and,
LEVITICUS WASHINGTON, Individually; and,
MICHAEL E. BURKMIRE, Individually; and,
SUCESSOR TO GLEN GODFREY, being DEL SMITH Individually; and,
VANCE PERONTO, Individually; and,
DENNIS E. CASANOVAS, Individually; and,
JOHN DOES 1-20

*Defendants,*

Case No. A02 – 0097-CI  (JKS)

**Compliance with Docket 85 ORDER – Statement of Issues**

Comes now Ralph Kermit Winterrowd 2nd ("Winterrowd") with this Compliance with Docket 85 ORDER – Statement of Issues.

As per **Attachment 1**, being the letter received by Winterrowd from Stephanie Galbraith Moore ("Moore") of the State of Alaska's AG's Office and with her agreement, I am filing into this Court Moore's statement of issues to which we agree to disagree.

There can be no damages and liability until the "legal duty" is established between the Alaska State Troopers and Winterrowd, which is an essential element of issues, which of course includes the probable cause.

The accepted definition of "legal duty" by the following courts from Wharton is, to wit:

> A **legal duty** is that which the **law requires to be done** or forborne **to a determinate** person, or to the public at large, and is **correlative** to a **right vested** in such **determinate** person, or the public at large" Wharton on Neg. § 24. *[Emphasis added]*

See also *Pennsylvania Co. v. Frana*, 13 Ill.App. 91, 97 (App. Ct. Ill 1883); *Randlette v. Judkins*, 52 Am.Rep. 747, 748 (Sup. Ct. Maine 1885); *Emry v. Roanoke Nav. & Water Pwr. Co.*, 16 S.E. 18, 18 (Sup. Ct. N.C. 1892); *Goodlander Mill Co. V. Standard Oil Co.*, 63 F. 400 (7th Cir. 1894); *Western Maryland R.Co. v. Kehoe*, 35 A. 90, 94 (Ct of App. Maryland 1896); *Smith v. Clarke Hardware Co.*, 28 S.E. 73, 74 (Sup. Ct Georgia 1897); *Cleveland, C., & St. L. Ry. Co. v. Ballentine*, 84 F. 935, 937 (7th Cir. 1898); *Standard Oil Co. v. Murray*, 119 F. 572, 575 (7th Cir. 1902); *Kershaw Motor Co. v. Southern Ry. Co.*, 134 S.E. 377, 379 (Sup. Ct. S.C. 1926); *Toadvine v. Cincinnati, N.O. & T.P. Ry. Co.*, 20 F.Supp. 226, 227 (D.C. E.D. Kentucky 1937); *Dabbs. V. Tennessee Valley Authority*, 250 S.W.2d 67, 69-70 (Sup. Ct. Tenn. 1952); *People v. McGreal*, 278 N.E.2d 504, 510 (App. Ct. Ill. 1972); *Thompson v. Occidental Life Ins. Co. of California*, 567 P.2d 62, 69-70 (Ct. of App. N.M. 1977); *Posteher v. Pana Community Unit Schood Dist. No. 8*, 421 N.E.2d 1049, 1052 (App. Ct. Ill. 1981); *AFG Industries,*

*Inc. v. Holston Elec. Co-op*, 556 F.Supp 33, 34 (D.C. E.D. Tenn. 1982); *Green v. Investors Home Mortg. Corp.*, 13 Va. Cir. 181, 185 (Cir. Ct. Virginia 1988); *State v. Scott*, 781 S.W.2d 64, 67 (Sup. Ct. Missouri 1990); *Dooley v. Everett*, 805 S.W.2d 380, 384 (Ct. of App. Tenn. 1991); *Odette's, Inc. v. Com., Dept. of Conservation and Natural Resources, Bureau of State Parks*, 699 A.2d 775, 780 (Comm. Ct. Penn. 1997).

***Correlative*** - Blacks 6th – "Having a mutual or reciprocal relation, in such sense that the existence of one necessarily implies the existence of the other. *Fath*er and *son* are correlative terms, as are *claim* and *duty*."

***Determinate*** – Blacks 6th – "That which is ascertained;  what is particularly designated.

***Ascertain*** – Blacks 6th - To fix;  to render certain or definite; to estimate and determine;  to clear of doubt or obscurity.  To insure as a certainty.  To find out by investigation.  *U.S. Çarver*, 260 U.S. 482, 489 (1923).  Sometimes it means to "assess"' or to "hear, try and determine."

As held in *Emry v. Roanoke Nav. & Water Pwr. Co.*, 16 S.E. 18, 18 (Sup. Ct. N.C. 1892), to wit:

> "The duty itself arises out of various relationships of life, and varies in obligation under different circumstances. In one case the duty is high and imperative; in another it is of imperfect obligation. Thus it may be dependent on a mere license to enter upon land, or the bare obligation to avoid inflicting a willful injury upon a trespasser; while, upon the other hand, it may be a duty to care for the safety of a specially invited guest or of a passenger for hire." 16 Amer. & Eng. Enc. Law. 412, and the numerous cases cited.

As pronounced in *Western Maryland R.Co. v. Kehoe*, 35 A. 90, 94 (Ct of App. Maryland 1896), to wit:

> This breach can consist either in the failure to do that which ought to be done, or in doing that which ought not be done. Heaven v. Pender, 11 Q. B. Div. 506. But the duty on the one side is only the correlative of the right on the other side, and hence the duty to act or

to refrain from acting cannot be extended beyond the right to have the act done or refrained from. Beyond the limits or scope, therefore, of a particular right, as that right is defined, there is no corresponding legal duty due; and, if there be no duty due, there can be no breach, and consequently no negligence. Kahl v. Love, 37 N. J. Law, 5.

As pronounced in *Thompson v. Occidental Life Ins. Co. of California*, 567 P.2d 62, 69-70 (Ct. of App. N.M. 1977), to wit:

> A "legal duty" is defined in 28 C.J.S. "Duty" at 597 (1941) as follows:
> *628 **70 The **term implies the existence of some relation of duty, public or private, special or general, either by contract or as an implication of public policy**; and has been defined as an **obligation arising from contract of the parties** or the **operation of law**; that which the law requires to be done or forborne to a determinate person or to the public at large, and is correlative to a right vested in such determinate person or in the public.
> **It has also been said that a legal duty implies the existence of some legal relation**. Early v. Houser & Houser, 28 Ga.App. 24, 109 S.E. 914 (1921).

"Operation of law" - Blacks 6th – This term expresses the manner in which rights, and sometimes liabilities, devolve upon a person by the mere application to the particular transaction of the established rules of law, with the act or co-operation of the party himself.

"Rule of law" – Blacks 6th – A legal principle, of general application, sanctioned by the recognition of authorities, and usually expressed in the form of a maxim or logical proposition. Called a "rule," because in doubtful or unforeseen cases it is a guide or norm for their decision. The rule of law, sometimes called "the supremacy of law", provides that decisions should be made by the application of known principles or laws without the intervention of discretion in their application.

Also an essential element of issues is who was the first aggressor in this instant Case, which were the troopers involved.

Therefore as Moore has no problems with the areas of discovery and none have been addressed in dispute, the area of discovery that was delineated is correct until objected to same.

And further, as a *matter of law* the issue of the "***legal duty***" which will include the essential element of probable cause; and, as a *matter of law* the issue of who was "***first aggressor***"; along with the damages and liability as previous stated will be the statement of issues in this instant Case with the included Discovery as required.

My Hand,

*/s/ Ralph Kermit Winterrowd*

**Certification:**
I hereby certify that I have mailed via the USPS first class this document to the following parties, to wit:

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
907-269-5190

Date July 27, 2007
/s/ Ralph Kermit Winterrowd 2nd