**Ralph Kermit Winterrowd 2nd**
c/o P.O. Box 877109
Wasilla, Alaska [99687]
357-8003 Home; 355-8304 Cellular
ralph@jusbelli.com



Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
907-269-5190

RE:    ORDER Docket 85 – Case 3-02-cv-97

Dear Ms. Moore:

After I left a message on your voicemail on July 16, 2007 and we spoke on July 17, 2007 on the telephone, I went to a friend's business location in Wasilla and found the door locked as the contractors were out to lunch. I climbed in a window about 5 feet from the floor and proceeded to jump down. I landed on my hip replacement leg and it folded with it popping out of it's socket and then back into place. I was helped to my pickup and proceeded to get home and into bed with water and pain killers.

I have since decided not to jump over large buildings or from 5 foot windows. I have hung up my cape, even though I think I am a young man in someone else's body.

I have been unable to climb the stairs to my computer during this time frame, so that is the reason for not sending a letter to you before now or filing into the USDC concerning the preliminary joint statement of issues.

I will be going into Anchorage to file a Motion for extension until July 27, 2007.

As to the discovery issues, they will include but be limited to the following:

1.    History of Parties threatening me in prior stops; and,

2.    John Cyr had previous taken my DL and refused to return it; and,

3.    Brad Nelson almost hit my pickup the day of the stop and forced me into the side street; and,

4.    All of the issues of the purported probable cause for this "traffic stop"; and,

5. All issues that I did attempt to get this case into a state court and Nelson and the prosecutors, etc. refused to allow same; and,

6. All of the issues of demanding that I exit the pickup; and,

7. All of the issues of refusing to demonstrate their authority; and,

8. Past issues of traffic stops on the same exact issue of registration; and,

9. First aggressor issues past and present by some of the very same parties; and,

10. Warning in the computer system of the State's with absolutely no basis; and,

11. All of the policies and procedures of the Alaska State Troopers; and,

12. All of the other problems of excessive force of troopers and that the State of Alaska rewarded same including Eric Spitzer, etc.

13. All of the past history of all of the AST involved in this excessive force case; and,

14. All of the issues of the AST's authority, Oaths of Office as public officers, Civil Commissions, etc.

15. Nelson in this Case would not return my Driver License and kept it requiring me to get yet another one from DMV on Dowling from Julia; and,

16. All of the parties behind the scenes that were guiding this problem of registration and also Nelson was talking to someone for guidance in this instant case; and,

17. All records on prior problems with people of the troopers in this instant case and their evaluation records, etc.

18. All records, etc. as to their state of mind and orders from superiors as to how to intimate me and/or force me into submission; and,

19. All issues that have any bearing on this case that may be discovered or not mentioned in this list.

If you have any comments on any of these issues, please contact me.

My Hand,

*Ralph Kent Winters*

/s/ Ralph Kermit Winterrowd 2nd

e-mailed to <u>stephanie_galbraith@law.state.ak.us</u>
on July 23, 2007