IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD, II,<br><br>                  Plaintiff,<br><br>   vs.<br><br>BRAD L. NELSON, *et al.*,<br><br>                  Defendants. | Case No. A02-CV-00097 (JKS)<br><br>O R D E R |

      Ralph Kermit Winterrowd, II, sues certain officers and employees of the State of Alaska asserting claims under 42 U.S.C. § 1983. The Court has dismissed all claims except a claim that certain Alaska State Troopers violated Winterrowd's right under the Fourth Amendment by subjecting Winterrowd to excessive force.

      On September 7, 2007, Winterrowd filed a pleading entitled "Action on Official Bond"demanding that the official bond of Commissioner Monegan be produced, filed with the Court, and encumbered in the amount of two million dollars. Docket No. 91. Defendants have moved to strike Winterrowd's pleading at Docket No. 91, on the ground that it is irrelevant to this case. Docket No. 95. Winterrowd has filed his opposition arguing that the Commissioner's bond is relevant because the Commissioner is responsible for the actions of individual state troopers. Docket No. 96.

      The Commissioner of Public Safety for the State of Alaska "is responsible on official bond for the acts of all" Alaska State Troopers. AS § 22.20.130. However, an action on the Commissioner's bond may be brought only for injury caused by a wrongful act committed in his "official capacity." *See* AS § 39.15.030. As the Commissioner was dismissed from this suit with

1

prejudice on April 1, 2005, and Winterrowd's only remaining claims are against troopers in their individual capacity, the bond is irrelevant. Even if the Commissioner were still a defendant in this case, a suit for money damages against him in his official capacity would not be cognizable under 42 U.S.C. § 1983, and the bond would still be irrelevant. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, even if the bond were relevant, the action would be ripe only after obtaining a judgment. As this Court sees it, there is only one issue left to decide in this case–what actually happened during the traffic stops in question–and that is reserved for the trier of fact at trial.

Defendants' motion to strike at **Docket No. 95** is **GRANTED**. Plaintiff's pleading entitled "Action on Official Bond" at **Docket No. 91 SHALL BE STRICKEN**.

**IT IS SO ORDERED.**

Dated this 23rd day of October 2007.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2002\A02-0097.010.wpd