Ralph Kermit Winterrowd 2nd
P.O. Box 877109
Wasilla,
Alaska territory
The United States of America [99687]
(907) 357-8003

RECEIVED JUL 28 2008 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.

The United States of America

The United States

District of Alaska

District Court of the United States

Ralph Kermit Winterrowd 2nd

*Plaintiff,*

*versus.*

BRAD L. NELSON *et seq.*

*Defendants*

Case 3-02-cv-97

**Motion to Compel Discovery Under Rule 26(a)(1)
And
Motion to Extend Discovery Two Months Until Defendants Comply**

***Comes now***, Ralph Kermit Winterrowd 2nd ("Winterrowd") with Motion to Compel Discovery Under Rule 26(a)(1) without a discovery request and Motion to Extend Discovery Two Months Until Defendants Comply.

Winterrowd has been waiting patiently for the Defendants to comply with Rule 26(a)(1) for initial discoveries, which has not happened.

Discovery which has not disclosed to date include but not limited to the following, to wit:

1. Cellular phone records of the defendants on April 30, 2000.

2. All audio recording of the AST on April 30, 2000.

3. Training Records of each of the Defendants.

4. Reprimands or other disciplinary actions of each of the Defendants prior to April 30, 2000.

5. Rules and Regulations that govern using an Automobile as a weapon as Brad Nelson did in aiming his motor vehicle at Winterrowd's Motor Vehicle when he was traveling at 45 mph, which Winterrowd narrowly evaded a collision on a mere "traffic stop" for a non moving violation and no attempt to evade any trooper.

6. Rules and regulations on mandating a party on a mere non-moving traffic violation exit the safety of his motor vehicle.

7. Defendants Use of Force Continuum Rules and Regulations used on April 30, 2008.

8. Rules and Regulations to take a peaceful party down from behind and put said party on the hood of trooper car as a common criminal for a mere non-moving citation.

9. Source and authority of the warning in the State's computer system that Winterrowd was dangerous and the actual verbiage, i.e. who entered said warning and authority and reasons for doing same. 9th Circuit oral arguments demanded an answer from Stephanie Galbraith Moore and she provided not to the 9th Circuit judges.

10. Source and authority to violate the "Terry Stop" used to take a party down and search his pockets removing items.

11. Rules and regulations on "first aggressor" in which Brad Nelson was at all times with the possible assistance of John Cyr.

12. Documents that prove the Defendants authority of police Power of any of the several States, of police Power of an "agency", of the police Power of being a member of a paramilitary organization or whatever their authority is or perceived to be.

13. Oaths of Office as public Officers of the State of Alaska and Civil Commissions to establish who or what the Defendants authority and police Power is documented.

14. Probable cause documents that precipitated the use of an automobile as a weapon and the use of force against Winterrowd.

15. What parties were involved in the conversations prior to stopping Winterrowd and during the stop that Nelson kept talking to via a cellular phone.

16. Documents that support why the citation was never taken to court and who was behind the denying of allowing Winterrowd his day in court.

17. Parties that have discoverable information on the dismissing of the citation as this is not supposedly in the realm of the Defendants to accomplish.

This will not prejudice the Defendants as the Plaintiff has been waiting for over six (6) years to get to this point.

My Hand,

*Ralph Kent Winterrowd 2d*

**Certification:**

I, hereby certify that this document was mailed first class via USPS or delivered personally to the following party, to wit:

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
907-269-5190 phone
907-258-0760 fax
Stephanie_Galbraith@law.state.ak.us

Date: July 28, 2008

/s/ Ralph Kermit Winterrowd 2nd