TALIS J. COLBERG
ATTORNEY GENERAL

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
(907) 269-5190

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD, 2ND ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) Case No.: 3:02-cv-00097-JKS <br> BRAD L. NELSON, ET AL., ) <br> ) <br> ) **MOTION FOR ENTRY OF** <br> Defendants. ) **PROTECTIVE ORDER** <br> ) <br> ) <br> _____ ) | |

On July 28, 2008, the day discovery closed, Plaintiff Ralph Winterowd filed a combined motion to compel discovery under Federal Rule of Civil Procedure 26(a)(1) and motion to extend discovery for two months. Along with these motions he also filed a series of discovery requests and noticed depositions of John Cyr, Brad Nelson, Robert Baty, and Dennis Casanovas for August 14-15. Defendants, Cyr, Nelson, Baty, and former defendant

Casanovas move for a protective order quashing those notices and denying Winterrowd's discovery requests.

## I. INTRODUCTION

On July 28, 2008, the day discovery closed, Plaintiff Ralph Winterrowd (Winterrowd) filed a combined motion to compel discovery under Federal Rule of Civil Procedure 26(a)(1) and motion to extend discovery for two months to allow the defendants to respond to his motion. Along with these motions he also filed a series of discovery requests and noticed depositions of John Cyr, Brad Nelson, Robert Baty, and Dennis Casanovas for August 14-15. Defendants, Cyr, Nelson, and Baty, and former defendant Casanovas move for a protective order quashing those notices and denying Winterrowd's untimely and burdensome discovery requests.

## II. FACTUAL BACKGROUD

Winterrowd filed his complaint against Cyr, Nelson, Baty, Casanovas, and two other defendants on November 14, 2002.[1] Discovery in this matter closed on July 28, 2008.[2] This was a new deadline, extended at Winterrowd's request when he indicated that he would not be able to complete discovery by March 28, 2008, the date originally set by the Court in its scheduling and planning order.[3] Nonetheless, on July 28, 2008, the same day discovery

---

[1] Complaint dated November 14, 2002. The Court has dismissed Winterrowd's claims against Captain Casanovas. *See* Order dated August 23, 2004.

[2] Order granting unopposed motion to extend discovery dated March 18, 2008.

[3] Scheduling and Planning Order dated July 5, 2007.

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 2 of 9

closed under the extended deadline, Winterrowd served: (1) a motion to compel[4]; (2) 42 requests for admission on each defendant[5]; (3) interrogatories on each defendant[6]; (3) 19 requests for production on each defendant[7]; and (4) deposition notices noticing the deposition of each defendant and one former defendant to take place within the next two weeks.[8]

## III.  ARGUMENT

Under Federal Rule of Civil Procedure 26(c), this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that disclosure or discovery not be had."[9]  Similarly, under Rule 45(b) this Court may void a subpoena if it imposes an undue burden or expense on the person subject to the subpoena.[10]

Defendants Cyr, Nelson, and Baty, and former defendant Casanovas ask the

---

[4]  Motion to Compel Discovery Under Rule 26(a)(1) and Motion To Extend Discovery Two Months Until Defendants Comply at 1.

[5]  Exhibit 1 at 5-12; Exhibit 2 at 5-12; Exhibit 3 at 5-12; Exhibit 4 at 5-12.

[6]  Exhibit 1 at 12; Exhibit 2 at 12; Exhibit 3 at 12; and Exhibit 4 at 12.

[7]  Exhibit 1 at 14-15; Exhibit 2 at 14-15; Exhibit 3 at 14-15; Exhibit 4 at 14-15.

[8]  Exhibit 5, Exhibit 6, Exhibit 7, Exhibit 8, and Motion to Compel Discovery Under Rule 26(a)(1) and Motion To Extend Discovery Two Months Until Defendants Comply.

[9]  Fed. R. Civ. P. 26(c).

[10]  Fed. R. Civ. P. 45(c).  No subpoenas were issued in this case only notices of depositions.  However, in an abundance of caution the defendants ask that the Court quash the notices of their depositions under Rule 26(e) and Rule 45(c).

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 3 of 9

Court to quash the deposition notices noticed by defendants and enter a protective order denying Winterrowd's requests for discovery. Both the discovery requests and the deposition notices are untimely because they were not served within the time limits set by the Court in its most recent discovery order. Winterrowd has not moved the Court to modify the scheduling order and, even if he had, he cannot show that there is good cause to give him an additional extension of the discovery deadlines in this matter. Further, the discovery he served is overly burdensome. Accordingly, Winterrowd's depositions notices should be quashed and a protective order denying his untimely and burdensome requests for discovery should be entered for defendants.

### A.  Winterrowd's discovery requests and notices of depositions are untimely.

Discovery closed in this case on July 28, 2008.[11] The court's pre-trial scheduling orders specifically provide that <u>all</u> discovery must be scheduled so that it is complete by the date on which discovery closes.[12] Under the Federal Rules of Civil Procedure this means that requests for admission, interrogatories, and requests for production needed to be filed by Winterrowd no later than June 29, 2008.[13] Under this same order

---

[11]  Order granting unopposed motion to extend discovery dated March 18, 2008.

[12]  Scheduling and Planning Order dated March 17, 2003 at 2-3; Scheduling and Planning Order dated July 5, 2007 at 2-3. *See also* Local Rule 16.1.

[13]  *See* Fed. R. Civ. P. 36(a) responses to requests for admission due within 30 days of service; Fed. R. Civ. P. 33(b)(3) responses to interrogatories due within 30 days of service; Fed R. Civ. P. 34 responses to requests for production due within 30 days of service.

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 4 of 9

depositions needed to be completed no later than July 28, 2008.[14]

The scheduling order controls the subsequent course of action in a case unless it is modified by the Court.[15] A party seeking to modify the deadlines in a pre-trial order must demonstrate that there is "good cause" for the modification.[16] The primary inquiry in this "good cause" analysis is whether the party seeking the amendment has been diligent in seeking the discovery.[17] As the 9th Circuit has observed "a scheduling order is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded.'"[18] Disregard of such orders "would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier."[19]

In Winterrowd's case the discussion of whether "good cause" exists is academic. Winterrowd did not move to amend the pre-trial order before he filed his discovery requests and deposition notices.[20] But, even if he had made such a motion, he would not be able to show good cause. Winterrowd has already requested one extension of

---

[14] *Id.*

[15] Fed. R. Civ. P. 16(e).

[16] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Circuit 1992).

[17] *Id.* at 609.

[18] *Id.* at 610.

[19] *Id.*

[20] Winterrowd's motion to compel requests that the Court extend the deadline for the defendants to respond. *See* Motion to Compel Discovery Under Rule 26(a)(1) and Motion To Extend Discovery Two Months Until Defendants Comply.

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 5 of 9

the discovery deadline.[21]  Discovery originally closed in March.[22]  Winterrowd requested a four month extension until July 28, 2008 in which to complete discovery.[23]  The Court granted that request.[24]  Yet, despite obtaining the addition time he requested, Winterrowd waited until the day discovery closed for the second time before filing the lengthy discovery requests he makes here and to serve deposition notices.

Nothing about Winterrowd's case explains this delay.  His case has been pending for nearly four years and concern events that occurred nearly six years ago.  None of the discovery that Winterrowd requests or the depositions he proposes to take suggest that they are based on new information he only learned in at the end of his four month extension.  Indeed, the depositions he notices are for current or former defendants in his case, parties he was obviously able to identify when he filed his complaint in 2002.  Similarly, the requests for production are identical to those he asserts in his motion to compel should have been provided to him automatically under Federal Rule of Civil Procedure 26(a).  If, as Winterrowd maintains in that motion, the need for this information was so evident as to be automatically discoverable under Rule 26, he cannot seriously claim that he was not aware of his alleged need for this information until the day discovery closed.

---

[21]   Motion to Extend Discovery Date dated March 12, 2008.

[22]   *Id.*

[23]   Order granting unopposed motion to extend discovery dated March 18, 2008.

[24]   *Id.*

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 6 of 9

In sum, Winterrowd's discovery requests and deposition notices are untimely. He has not moved the Court to amend the pre-trial deadlines to allow him to pursue this discovery and even if he had he could not make the good cause showing necessary to support such amendments. Consequently, Cyr, Nelson, Baty, and Casanovas' request for an order quashing the deposition notices sent by Winterrowd and granting them a protective order should be granted.

**B.     The discovery sought by Winterrowd is overly burdensome.**

As noted above, Winterrowd's discovery requests and deposition notices were untimely. The Court need look no further than that fact in granting the defendants' motion for an order quashing the deposition notices and entry of a protective order.[25] However, in addition to filing his requests too late and without good cause for delay, he noticed the depositions of Cyr, Nelson, Baty, and Casanovas without contacting counsel. Neither counsel nor the proposed deponents are available on the dates noticed by Winterrowd.[26] It would be extremely burdensome to require these depositions to go forward.

Similarly, Winterrowd's discovery requests exceed the limits on discovery in the pre-trial order. Winterrowd served discovery requests on Cyr, Nelson, Baty, and

---

[25]     *See Johnson*, 975 F.2d at 608 (although prejudice to the party opposing the untimely discovery might supply an additional reason to deny a motion to modify a pre-trial order the primary focus of whether or not to modify should be the moving party's diligence in completing discovery).

[26]     Exhibit 9, Affidavit of Counsel in support of Motion For Order Quashing Deposition Notices And For Order Entry Of Protective Order.

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 7 of 9

Casanovas that include 42 requests for admission.[27] Following theses requests for admission, Winterrowd includes a single interrogatory. But, that interrogatory asks that for each denial of a request for admission the responding defendant explain the basis for that denial.[28] Such a request is not a single interrogatory.[29] Instead, courts that have considered similar interrogatories correctly view them as posing 43 interrogatories.[30] Under Civil Rule 33 Winterrowd is limited to 25 interrogatories per defendant.[31] Winterrowd has exceeded this number by 18 for each defendant.

### III. CONCLUSION

Winterrowd's discovery requests and deposition notices are untimely. He failed to seek modification of the pre-trial order in this case before serving that discovery and even if he had, he cannot show that there was good cause for his delay in serving this discovery. In addition, his untimely requests place a significant burden on the defendants. Neither counsel nor the proposed deponents are available on the dates unilaterally selected by Winterrowd. Similarly, the discovery he seeks exceeds the limits in the pre-trial order and the Federal Rules of Civil Procedure. Cyr, Nelson, Baty, and Casanovas' request for an order

---

[27] Exhibit 1; Exhibit 2; Exhibit 3; and Exhibit 4.

[28] Exhibit 1 at 12; Exhibit 2 at 12; Exhibit 3 at 12; and Exhibit 4 at 12.

[29] *Safeco v. Rawstron*, 181 F.R.D. 441, 445-46 (C.D. Cal. 1998).

[30] *Id.*

[31] Fed. R. Civ. P. 33.

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 8 of 9

quashing the notices of their depositions and entering a protective order against Winterrowd's discovery requests should be granted.

DATED this 12th day of August, 2008, at Anchorage, Alaska.

>TALIS J. COLBERG
>ATTORNEY GENERAL
>
>By:   s/ Stephanie Galbraith Moore
>        Assistant Attorney General
>        Office of the Attorney General
>        1031 W. 4th Ave., Ste. 200
>        Anchorage, AK 99501
>        Phone: (907) 269-5190
>        Fax:   (907) 258-0760
>        Stephanie.Galbraith@alaska.gov
>        Alaska Bar No. 8911063

CERTIFICATE OF SERVICE

This is to certify that on this date,
a copy of the foregoing
MOTION FOR ENTRY OF
PROTECTIVE ORDER
is being served via U.S. Mail on:

Ralph K. Winterrowd, 2nd
P.O. Box 877109
Wasilla, AK 99687
s/ Stephanie Galbraith Moore     8/12/08

Memo in Support of Motion for Entry of Protective Order
*Winterrowd v. Nelson, et al.*
3:02-CV-00097-JKS
Page 9 of 9