Ralph Kermit Winterrowd 2nd
P.O. Box 877109
Wasilla, Alaska
The United States of America [99687]
(907) 357-8003

The United States of America

The United States

District of Alaska

District Court of the United States

Ralph Kermit Winterrowd 2nd

*Plaintiff,*

*versus.*

BRAD L. NELSON *et seq.*

*Defendants*

Case 3-02-cv-97

Comes now Ralph Kermit Winterrowd 2nd pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure submit this for Admissions, Interrogatories and Discovery to be answered in writing, under oath, within thirty (30) days of service hereof.

In answering the interrogatories contained herein, you are required to set out each responsive fact, circumstance, act, omission, or course of conduct, whether or not admissible in evidence, known to you, you agents, representatives or attorneys, or about which any of them have information.

In interrogatories contained herein are deemed to be continuing and in the event that new information covered by these interrogatories becomes known to you on a date subsequent to the time to the answers are made, the additional information must be forthwith supplied, under oath, and in writing. Any supplemental information not so provided or not provided within a reasonable time prior to trial may result in an objection being made to the introduction or use of any such information.

The requests for production contained herein are deemed to be continuing and in the event new documents become available to you on a date subsequent to your response

to these requests, the additional documents must be produced forthwith. Any such documents not produced within a reasonable time prior to formal hearing may result in an objection to the introduction or use of such documents.

The following definitions shall apply to these discovery requests unless otherwise noted:

1. The term "document" as used herein is defined to include any and all manner of written, typed, printed, reproduced, filmed or recorded material, and all photographs, pictures, plans or other representations of any kind of anything pertaining, describing, referring or relating, directly or indirectly, in whole or in part, to the subject matter of each request, and the term includes, without limitation, the following:

    a. All papers, books, journals, ledgers, statements, memoranda, reports, invoices, work sheets, work papers, transcription of notes, letters, correspondence, abstracts, checks, diagrams, plans, blueprints, specifications, pictures, drawings, films, photographs, graphic representations, diaries, calendars, desk calendars, pocket calendars, lists, logs, publications, advertisements, instruction, minutes, orders, purchase orders, messages, resumes, summaries, agreements, contracts, telegrams, telexes, cables, recording, audio tapes, magnetic tapes, visual tapes, transcriptions of tapes or recordings, or any other writings or tangible thing on which any handwriting, typing, printing, Photostats, or other form of communications are recorded or reproduced, as well as all notations on the foregoing; and,

    b. Originals, all files copies, and all other copies of any of the foregoing; and,

    c. All drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such documents, whether used or not.

2. As used herein, the terms "you" and "yours" means the Defendants, its agents, servants, employees, and attorneys.

Exhibit ___1___
Page __2__ of _16_

## Instructions

A. You are requested to answer each interrogatory and subpart separately, stating the facts, circumstances and other information applicable or relating to each such interrogator or subpart.

B. Please include in your answer all information concerning the matters inquired about available to you, your attorney or attorneys or other agents, and to investigators or other agents for you and your attorney or attorneys.

C. If you cannot answer any interrogatory fully completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and answer each such interrogatory to the fullest extent possible. Please specify the portion of each such interrogatory that you claim to be unable to answer fully and completely, and what knowledge, information or belief you have concerning the unanswered portion of each such interrogatory.

D. In responding to the requests for production of documents, please produce all responsive documents which are in your actual custody, possession or control, or subject to your control, including non-privileged documents within the possession or custody of your, your representatives, experts, consultants, agents, employees, investigators, or anyone else acting on you behalf.

E. If any privilege is claimed with respect to the response to any request for discovery herein or part hereof, please serve on the undersigned a list of withheld documents, in which you specify the privilege which is claimed to be applicable and, for each withheld document, identify: (1) the name of the author, each addressee and each person who, on the face of the document, was sent a copy; (2) the date of the document; and (3) a general description of the subject matter addressed by the document such as will not compromise the privilege claimed. If a privilege is claimed only as to some items included within a response to a particular interrogatory, please provide the appropriate responses as to those maters to which the claim of privilege does not apply.



Exhibit 1
Page 3 of 16

F. If you are aware of the existence of any documents that you are unable to produce, please specify in writing and serve upon the undersigned a list indicating the identity of such documents. Such identification should, for each such document,, set forth whether the document: (1) has been destroyed; (2) has been lost, misplaced, or stolen; or (3) has never been, or is not longer, in the possession, custody, or control of the responding party, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that document or category of document should be identified. In each such instance, explain the circumstances surrounding the documents' disposition and state of the date or approximate date thereof.

G. Please produce documents in the same form and in the same order as they existed prior to production or organized and labeled to correspond with the particular requests set forth below. If you choose the former method, the documents are to be produced in a manner that reflects the boxes, file folders, bindings or containers in which the documents are found. All titles, labels, or other descriptions on boxes, file folders, bindings or other containers associated with the documents are to be reflected.

H. In lieu of originals you may produce legible copies, but defendants reserve the right to examine and photocopy the originals.

I. If any information which is responsive to any request appears on one or more pages of a multi-age document, please provide the entire document. If only a portion of a document is produced, please provide sufficient information to identify the document, indicate the context in which the responsive reference appeared, and specify the total number of pages in the document.

J. If you object to any request or portion thereof, please state the nature and basis of your objection. If you find objectionable only a portion of a request, please respond fully to the remainder.

## Admissions To Brad Nelson
## From Ralph Kermit Winterrowd 2nd

Winterrowd in these Admissions will denote Ralph Kermit Winterrowd. The Defendants will be denoted as follows, to wit:

Brad Nelson as "Nelson'"; and,

John Cyr as "Cyr"; and,

Jorge A Santiago as "Santiago"; and,

Robert M. Baty as "Baty."

1. Please admit or deny that Nelson did aim his patrol car at Winterrowd from the right side of the road to force Winterrowd to turn left off of the Parks Highway.
ANSWER:

2. Please admit or deny that Nelson by using his patrol car as a weapon is illegal on a mere non-moving issue, i.e. traffic stop.
ANSWER:

3. Please admit or deny that Nelson by using his patrol car aiming it a Winterrowd who was traveling on the Parks Highway at the speed limit 45 mph almost had a collusion with Winterrowd's motor vehicle.
ANSWER:

4. Please admit or deny that Nelson endangered the safety and lives of Kim Fitzgerald and Winterrowd by aiming his patrol car at the front of Winterrowd's motor vehicle on the Parks Highway.
ANSWER:

Exhibit 1
Page 5 of 16

5. Please admit or deny that Nelson's intention was to force Winterrowd off of the Parks Highway onto a side street where the public witnesses would be unavailable to what Nelson and the other Defendants had in mind to do to Winterrowd.
ANSWER:

6. Please admit or deny that Winterrowd did inform Nelson that he had a bad shoulder before he exited his pickup.
ANSWER:

7. Please admit or deny that Kim Stephanie Fitzgerald did notice Nelson that Winterrowd had a bad shoulder.
ANSWER:

8. Please admit or deny that Nelson was the first aggressor at all times.
ANSWER:

9. Please admit or deny that Nelson did grab Winterrowd's right arm from behind.
ANSWER:

10. Please admit or deny that Nelson did without warning use some very efficient means to put Winterrowd on the hood of Nelson's patrol car.
ANSWER:

11. Please admit or deny that Nelson did continue to hold Winterrowd down on the hood of the patrol car after Winterrowd repeated stated he had a bad shoulder.
ANSWER:

12. Please admit or deny that Nelson did repeatedly forced Winterrowd's right arm that was behind Winterrowd in a hammer lock up, jamming it repeatedly with Winterrowd objecting verbally and stating relax, relax, relax.
ANSWER:

13. Please admit or deny that Cyr stood by and did nothing to assist Winterrowd in his pleas for help.
ANSWER:

14. Please admit or deny that Santiago stood by and did nothing to assist Winterrowd in his pleas for help.
ANSWER:

15. Please admit or deny that Winterrowd stated he didn't think he was going to make it meaning due to the pain to remain conscious.
ANSWER:

16. Please admit or deny that when Nelson finally released Winterrowd, Winterrowd did fall to the ground on this knees and with his hands on the ground to keep from totally collapsing flat on the ground.
ANSWER:

Exhibit 1
Page 7 of 16

17. Please admit or deny that Santiago was directly to the left of Winterrowd and made some sort of effort to catch Winterrowd but he was too far away to effect any relieve to Winterrowd.

18. Please admit or deny that Nelson made no attempt to keep Winterrowd from falling to the ground when Nelson finally got of the top of Winterrowd.
ANSWER:

19. Please admit or deny that Cyr made no attempt to keep Winterrowd from falling to the ground when Nelson finally got off of Winterrowd.
ANSWER:

20. Please admit or deny that Winterrowd was extremely pale and sweating when he fell to the ground after Nelson finally got off of Winterrowd.
ANSWER:

21. Please admit that Winterrowd did remain on the ground for a considerable amount of time not moving or making any effort to stand.
ANSWER:

22. Please admit or deny that none of the Defendants made any effort to assist Winterrowd finally get to feet to stand, but the Cyr, Santiago and Nelson just stood there watching Winterrowd.
ANSWER:



Exhibit 1
Page 8 of 16

23. Please admit or deny that Nelson stated that Winterrowd put him in "fear of my life" when he walking back to the Nelson's trooper car with Cyr and Nelson behind Winterrowd and Santiago on the left front of Winterrowd.

**ANSWER:**

24. Please admit that Nelson when he stated he was in "fear of my life" was armed as was Cyr and Santiago.

**ANSWER:**

25. Please admit that Nelson when he stated he was in "fear of my life" knew that Winterrowd had no weapons on him and never has weapons on him for traffic stops.

**ANSWER:**

26. Please admit or deny that Nelson is taught to state the he is "in fear of his life" to assure that he can escalate the Use of Force of Continuum to any level he desires up to and including murdering Winterrowd with impunity.

**ANSWER:**

27. Please admit or deny that Nelson had read an alert on the State's computer that stated something that Winterrowd is dangerous or something to this effect as the State to date has refused to disclose this to Winterrowd to date.

**ANSWER:**

28. Please admit or deny that the alerts on the State's computer network can be entered by anyone without any facts in support thereof.

**ANSWER:**

Exhibit 1
Page 9 of 16

29. Please admit or deny that Winterrowd has never threatened or been in any manner aggressive or the first aggressor to any of the Alaska State Troopers or any other police in Alaska.
ANSWER:

30. Please admit or deny that Nelson knew Winterrowd had committed no moving violation as a probable cause for the perceived traffic stop.
ANSWER:

31. Please admit or deny that Winterrowd has at all time been peaceful in all situations with no threats or abusive language with the exception of when Nelson had Winterrowd down on the trooper car hood torturing him by continually jacking up arm on his bad shoulder.
ANSWER:

32. Please admit or deny that Nelson has no Oath of Office as public Officer of the State of Alaska in the Constitution of the State of Alaska Article XXII section 5.
ANSWER:

33. Please admit or deny that Nelson has no Civil Commission as a public Officer of the State of Alaska.
ANSWER:

34. Please admit or deny that Nelson is a member of a paramilitary organization.
ANSWER:

Exhibit 1
Page 10 of 16

35. Please admit or deny that Nelson holds no public office of a civil nature as a public Officer of any of the several States.
ANSWER:

36. Please admit that Winterrowd did ask if Cyr and Nelson before exiting his pickup if they were going to steal the Alaska Drivers License again from him.
ANSWER:

37. Please admit or deny that Cyr has previously refused to give Winterrowd his Alaska Driver License back.
ANSWER:

38. Please admit or deny that Nelson did keep Winterrowd's Alaska Drivers License.
ANSWER:

39. Please admit or deny that Alaska State Troopers had made many traffic stops of Winterrowd concerning the registration of his private property.
ANSWER:

40. Please admit or deny that Baty has been involved with Winterrowd several times on traffic stops.
ANSWER:

41. Please admit or deny that Nelson did not like Winterrowd.
ANSWER:

Exhibit 1
Page 11 of 16

42.   Please admit or deny that Baty did not like Winterrowd
**ANSWER:**

43.   Please admit or deny that the Alaska State Troopers notified other Troopers at the Palmer headquarters as to how to identify Winterrowd and his pickup.
**ANSWER:**

My Hand,

===========================================================================

## Interrogatories To Brad Nelson
## From Ralph Kermit Winterrowd 2nd

1.   With respect to the Admissions of 1-43 if any of the Answers are other than an unqualified admission, please state the defense or legal defense identifying the specific Admission by number.
**ANSWER:**

Exhibit 1
Page 12 of 16

My hand,

STATE OF ALASKA         )
                        ) ss.
The United States of America)

### Verified Affidavit of Brad Nelson

I, _____, do hereby swear (or affirm) under the penalties of perjury that the answers to these Interrogatories are true and correct with respect to the Answers in the Admissions.

My Hand,

_____ has sworn and subscribed before me a Notary Public that he has read these interrogatories that are referenced to the Admissions and said answers, and that he has properly identified himself as an Brad Nelson to answer said Interrogatories to me.

My Commission expires on _____.

_____
Signature

[SEAL]

Exhibit __1__
Page __13__ of __16__

## Discovery

1. Cellular phone records of the defendants on April 30, 2000.

2. All audio recording of the AST on April 30, 2000.

3. Training Records of each of the Defendants.

4. Reprimands or other disciplinary actions of each of the Defendants prior to April 30, 2000.

5. Rules and Regulations that govern using an Automobile as a weapon as Brad Nelson did in aiming his motor vehicle at Winterrowd's Motor Vehicle when he was traveling at 45 mph, which Winterrowd narrowly evaded a collision on a mere "traffic stop" for a non moving violation and no attempt to evade any trooper.

6. Rules and regulations on mandating a party on a mere non-moving traffic violation exit the safety of his motor vehicle.

7. Defendants Use of Force Continuum Rules and Regulations used on April 30, 2008.

8. Rules and Regulations to take a peaceful party down from behind and put said party on the hood of trooper car as a common criminal for a mere non-moving citation.

9. Source and authority of the warning in the State's computer system that Winterrowd was dangerous and the actual verbiage, i.e. who entered said warning and authority and reasons for doing same. 9th Circuit oral arguments demanded an answer from Stephanie Galbraith Moore and she provided not to the 9th Circuit judges.

10. Source and authority to violate the "Terry Stop" used to take a party down and search his pockets removing items.

Exhibit 1
Page 14 of 16

11. Rules and regulations on "first aggressor" in which Brad Nelson was at all times with the possible assistance of John Cyr.

12. Documents that prove the Defendants authority of police Power of any of the several States, of police Power of an "agency", of the police Power of being a member of a paramilitary organization or whatever their authority is or perceived to be.

13. Oaths of Office as public Officers of the State of Alaska and Civil Commissions to establish who or what the Defendants authority and police Power is documented.

14. Probable cause documents that precipitated the use of an automobile as a weapon and the use of force against Winterrowd.

15. What parties were involved in the conversations prior to stopping Winterrowd and during the stop that Nelson kept talking to via a cellular phone.

16. Documents that support why the citation was never taken to court and who was behind the denying of allowing Winterrowd his day in court.

17. Parties that have discoverable information on the dismissing of the citation as this is not supposedly in the realm of the Defendants to accomplish.

18. Please provide any and all documents that may substantiate your response to each Interrogatory or Admission that was not admitted without reservation.

19. Please provide any and all documents that may substantiate each and every allegation or claim by Nelson that will be used in this instant case.

My Hand,

Exhibit 1
Page 15 of 16

**Certification:**

I, hereby certify that this document was mailed first class via USPS or delivered personally to the following party, to wit:

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
907-269-5190 phone
907-258-0760 fax
Stephanie_Galbraith@law.state.ak.us

Date: July 28, 2008
/s/ Ralph Kermit Winterrowd 2nd

Exhibit 1
Page 16 of 16