TALIS J. COLBERG
ATTORNEY GENERAL

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
(907) 269-5190

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD, 2ND )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRAD L. NELSON, ET AL., )<br>)<br>Defendants. )<br>) | Case No.: 3:02-cv-00097-JKS<br><br>**OPPOSITION TO MOTION TO COMPEL AND EXTEND DISCOVERY** |

**I.  INTRODUCTION**

On July 28, 2008, the day discovery closed, Plaintiff Ralph Winterrowd filed a combined motion to compel discovery under Federal Rule of Civil Procedure 26(a)(1) and motion to extend discovery for two months to allow Defendants to respond. Defendants John Cyr, Brad Nelson, and Robert Baty, and former defendant Dennis Casanovas oppose Winterrowd's motion. Troopers Cyr, Nelson, and Baty, and Captain Casanovas have already made the disclosures required under Federal Rule of Civil Procedure 26(a)(1). The discovery

Mr. Winterrowd identifies in his motion to compel has either already been provided, is not information required to be provided under Rule 26(a)(1), or is not relevant to any of the claims remaining before this Court. Accordingly, Mr. Winterrowd's motion should be denied.

## II.   DISCUSSION

Mr. Winterrowd sued the remaining defendants and several others in 2002 under 42 U.S.C. § 1983, alleging that they violated his federal constitutional rights during a series of traffic stops.[1] After considerable motion practice and an appeal to the 9th Circuit Court of Appeals the only claims remaining before this Court are those arising from Mr. Winterrowd's assertion that excessive force was used during a traffic stop on April 30, 2000.

The defendants provided its initial disclosures to Mr. Winterrowd on April 1, 2003, and again on September 4, 2007 after remand from the 9th Circuit.[2] The defendants also provided a response to Mr. Winterrowd's disclosures on February 7, 2008.[3] These documents are all attached to this motion as Exhibit 1, 2, and 3, respectively.[4]

On July 28, 2008, Mr. Winterrowd filed a motion to compel production of 17 discovery items which Mr. Winterrowd maintains defendants were required to produce under

---

[1]   *See* Order dated August 23, 2004.

[2]   Exhibit 1 and 2, attached.

[3]   Exhibit 3 attached.

[4]   The documents produced with these requests are not attached, but can be provided to the Court.

Federal Rule of Civil Procedure 26(a)(1) as part of their initial disclosures.[5] These items include:

(1) defendants' cellular phone records for April 30, 2000[6];

(2) all Alaska State Trooper recordings for April 30, 2000[7]

(3) training records for each of the defendants[8];

(4) any disciplinary actions taken against the defendants before April 30, 2000[9];

(5) rules and regulations governing the use of force in various situations[10];

(6) "source and authority of the warning in the State's computer system that Winterrowd was dangerous and actual verbiage…"[11];

(7) "Documents that prove the Defendants authority of police Power of any of the several States, of police Power of an 'agency', of the police Power of being a member of a paramilitary organization or whatever their authority is perceived to be"[12];

---

[5] Motion to Compel Discovery Under Rule 26(a)(1) And To Extend Discovery Two Months Until Defendants Comply, dated July 28, 2008.

[6] *Id.* at ¶ 1.

[7] *Id.* at ¶ 2.

[8] *Id.* at ¶ 3.

[9] *Id.* at ¶ 4

[10] *Id.* at ¶¶ 5-10, and 11.

[11] *Id.* at ¶ 9

[12] *Id.* at ¶ 12

(8) "oaths of Office as public Officers of the State of Alaska and Civil Commissions to establish who or what the Defendants authority and police Power is documented"[13];

(9) "probable cause documents that precipitated the use of an automobile as a weapon and the sue of force against Winterrowd"[14];

(10) Identity of individuals that "were involved in the conversations prior to stopping Winterrowd and during the stop that Nelson kept talking to via cellular phone"[15];

(11) Documents that explain why "the citation" was never taken to court[16];

(12) Identity of any parties that have discoverable information concerning why "the citation" was dismissed "as this is not supposedly in the realm of the Defendants to accomplish."[17]

## III. DISCUSSION

### A. The Defendants Have Provided All Of The Discovery Required To Be Produced Under Rule 26(a)(1)'s Initial Disclosure Requirements.

As the Court is aware, Federal Rule of Civil Procedure Rule 26(a)(1) requires the parties to produce certain basic case information without waiting for a

---

[13] *Id.* at ¶ 13

[14] *Id.* at ¶ 14

[15] *Id.* at ¶ 15

[16] *Id.* at ¶ 16

[17] *Id.* at ¶ 17.

discovery request from the other party.[18] These initial disclosures include: (1) the identity and contact information of individuals likely to have discoverable information; (2) copies of descriptions of documents and other tangible evidence in the party's possession that the disclosing party may use to supports its claims or defenses; (3) a computation of the damages sought in an action; and (4) copies of any relevant insurance agreements.[19]

As the attached exhibits demonstrate, the defendants have provided the disclosures required by Rule 26(a)(1).[20] The information that Mr. Winterrowd claims is outstanding is not the type of information that is required to be produced under Rule 26(a)(1).[21] Accordingly, Mr. Winterrowd's assertion that the defendants have violated their discovery obligations under Rule 26(a)(1) cannot support his request to compel and Mr. Winterrowd's motion should be denied.[22]

> **B.      Defendants Have Already Provided All Discoverable Non-Protected Information In Their Possession That Is Relevant To The Claims Remaining Before This Court.**

Because the discovery that Mr. Winterrowd seeks to compel is not the type

---

[18]    Fed. R. Civ. P. 26(a)(1).

[19]    *Id.*

[20]    See Exhibit 1, 2, and 3 attached.

[21]    *See* Fed. R. Civ. P. 26(a)(1) and Motion to Compel Discovery Under Rule 26(a)(1) And To Extend Discovery Two Months Until Defendants Comply, dated July 28, 2008.

[22]    Requests to compel production of Rule 26(a)(1) initial disclosures are governed by Federal Rule of Civil Procedure 37(a)(2). See Fed. R. Civ. P. 37(a).

contemplated by Rule 26(a)(1) and the defendants have provided Mr. Winterrowd with all of the discovery required under that rule, the Court should deny Mr. Winterrowd's motion. However, in addition to fully complying with Rule 26(a)(1)'s requirement the defendants have also previously provided Mr. Winterrowd with discovery that responds to the requests he lists in his motion to compel.

Defendants have provided Mr. Winterrowd with a copy of the Department of Public Safety's policies on the use of force.[23] They have provided him with an audio tape copy and a transcript of the traffic stop at issue in this case.[24] They have also provided him with a copy of his Alaska Public Safety Information Network (APSIN) computer data relevant to this case.[25] Finally, they have provided him with copies of the citations issued to him in the stop at issue.[26]

The remaining items that Mr. Winterrowd's lists in his motion to compel either: (1) no longer exists; (2) concern protected information which Mr. Winterrowd has not demonstrated a pressing need for; or (3) concern claims that are no longer before this Court. As defendants previously explained in their response to Mr. Winterrowd's initial disclosures, the defendants do not retain cell phone records and the dispatch tapes for that day (aside from

---

[23] Exhibit 3 at 4.

[24] See Exhibit 1 at 6; Exhibit 2 at 3.

[25] Exhibit 3 at 2.

[26] Exhibit 1.

the stop that is at issue here and that has already been provided to Mr. Winterrowd) no longer exist.[27]

The remaining defendants' training records and disciplinary records, if any, are protected from disclosure under Section 22 of Article 1 of the Alaska Constitution and Alaska Statute 39.25.080.[28] Mr. Winterrowd has presented no arguments indicating that he has substantial need for this information such that those protections should be disregarded.

Finally, Mr. Winterrowd's requests for oaths of office[29], documents concerning the validity of the police powers exercised by the Department of Public Safety[30], and his requests for additional information about the citations he received[31] all relate to claims that are no longer before this court.[32]

## IV.   CONCLUSION

The discovery Mr. Winterrowd identifies in his motion to compel has either already been provided or is not information required to be provided under Rule 26(a)(1).

---

[27]   Exhibit 3 at 2-3.

[28]   *Id.* at 3-4.

[29]   *See* Motion to Compel Discovery Under Rule 26(a)(1) And To Extend Discovery Two Months Until Defendants Comply, at ¶ 12.

[30]   *Id.* at ¶ 13.

[31]   *Id.* at ¶¶ 16-17.

[32]   *See* Order dated August 23, 2004.

Accordingly, his motion should be denied.

DATED this 12th day of August, 2008, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By:   s/ Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5190
Fax:   (907) 258-0760
Stephanie.Galbraith@alaska.gov
Alaska Bar No. 8911063

CERTIFICATE OF SERVICE

This is to certify that on this date,
a copy of the foregoing
MOTION TO STRIKE PLEADING
is being served via U.S. Mail on:

Ralph K. Winterrowd, 2nd
P.O. Box 877109
Wasilla, AK 99687
s/ Stephanie Galbraith Moore     8/12/08