RECEIVED
AUG 26 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Ralph Kermit Winterrowd 2nd
P.O. Box 877109
Wasilla,
Alaska territory
The United States of America [99687]
(907) 357-8003

The United States of America

The United States

District of Alaska

District Court of the United States

Ralph Kermit Winterrowd 2nd

*Plaintiff*,

*versus.*

BRAD L. NELSON *et seq.*

*Defendants*

Case 3-02-cv-97

Reply to "MOTION FOR ENTRY OF PROTECTIVE ORDER" [Docket 102]
And
to "Affidavit of Counsel [Docket 102]
And
Opposition to Motion to Compel and Extend Discovery [Docket 103]

*Comes now*, Ralph Kermit Winterrowd 2nd ("Winterrowd") with **Reply to "MOTION FOR ENTERY OF PROTECTIVE ORDER" ("Protective Order") [Docket 102] And to "Affidavit of Counsel ("Affidavit") [Docket 102] And Opposition to Motion to Compel and Extend Discovery ("Opposition").**

Winterrowd filed again for discovery and to finally set a date for depositions of four of the defendants. Moore waited until two days before the Deposition date to file in

the Affidavit, Protective Order and Opposition. Winterrowd presumed incorrectly that there was some professionalism and associated ethics with Stephanie Galbraith Moore ("Moore"). Winterrowd finally called Moore at approximately 4:35 PM on August 13th, 2008 to determine if the Defendants were going to appear for the depositions, which were starting the following morning. I was informed that Moore had left for the day along with her staff. At approximately 4:50 PM on August 13th, 2008, I get a telephone call from Moore stating that she was in court all day and had meant to call me to inform me that none of the Defendants would be appearing. I asked her about the absurd excuses in the Affidavit concerning the availability of the Defendants and she didn't even recall what they were confirming they weren't written by her. Moore had only attached her signatures to documents and the affidavit drafted by one of her office staff or hired ghostwriters.

Winterrowd had earlier several times conversed with her concerning the availability of the Defendants for depositions with always the same results that they were unavailable being stationed in different locations, with as I recall one was in Iraq. I have no idea why one of the them would be in Iraq as the Alaska State Troopers ("AST") obviously don't operate in that country (hopefully).

To establish the mendacious statements of Moore and her intentional dilatory machinations one only has read the Affidavit. True, I didn't discuss this particular date and I had to date consistently only been getting the same runaround, so I had no other option.

In the Affidavit are the current excuses for not appearing for depositions.

***First Brad Nelson*** ("Nelson") is on the North Slope and to my knowledge he has never been available anywhere in the Palmer area to date because every time I have attempted to get from Moore his current location and disclose his availability, he is unavailable. This no doubt is intentional to put him beyond depositions knowing Moore and the State of Alaska. I don't have the power to force him to be in the Palmer area and presumably the Court has the power to force him to appear for depositions, but I don't have the funds to pay for expenses to appear from Timbuktu. The solution is unknown until Moore discloses to Winterrowd what is the schedule of Nelson presuming he is also still a member of AST.

***Second John Cyr*** ("Cyr") is still out of state or the country for military training. I don't understand Cyr being on military training. I do know that the AST are members of a paramilitary organization but as to military training, I have no idea. I can't get a straight answer from Moore if he is currently serving in the military or what is his current status. If Cyr is in the military, I presume that definitely that the Court is powerless to compel attendance or at least easily. The solution is unknown until Moore discloses to Winterrowd what is the current status of Cyr including but not limited to if he is still a member of AST, in the Military and then his schedule.

***Third Robert Baty*** ("Baty") is ***retired***. I am at a loss to understand how being a retired make Baty unavailable consistently for depositions. Is the Court to ORDER Baty out of retirement? Is he retired in Alaska or Mexico or Timbuktu? Moore refuses to disclose or discuss to Winterrowd where or what Baty is doing. Unfortunately Winterrowd's remote viewing capabilities are inoperative. Again the solution is unknown until Moore discloses to Winterrowd what it takes to have the ***retired*** Baty

available for depositions or the Court ORDERS Moore to disclose to Winterrowd the *__retired__* Baty from heaven only knows where to appear and his *__retirement schedule be disclosed__*, which to date precludes depositions.

*__Fourth Dennis Casanovas__* ("Casanovas") also has consistently been unavailable when I have inquired as to when he would be available. Casanovas "has other work duties scheduled" and when might Casanovas not have other work duties? The peasants must appear at depositions when they have "other work duties" called a job, but of course they are not special like Casanovas. Again the solution is unknown how Winterrowd is to determine when Casanovas doesn't have any other work duties presuming that he does have daily work duties and be available for depositions. Moore refuses to disclose this to Winterrowd therefore precluding Casanovas from depositions.

Winterrowd has been stone walled to date with Moore refusing to present any solution and scheduling to Winterrowd so as to facilitate scheduling depositions for the Defendants.

Moore's consistently has the Defendants and Casanovas always unavailable defeats discovery and the rules of Court prejudicing Winterrowd.

Winterrowd wanted to do the depositions first and then propound interrogatories and discovery as required, but *__Moore has precluded all depositions to date as the parties are never available.__*

Therefore, concerning depositions from the four parties Winterrowd must motion to the Court to ORDER Moore to disclose to Winterrowd when each of the parties are definitely available for depositions and their respective schedules.

And further, Winterrowd motions the court for additional time as required to get Moore to depose the initial defendants and Casanovas.

And further, after the depositions are finally accomplished to leave Winterrowd sufficient time for interrogatories and to force the discovery.

And further, Winterrowd has previous demanded discovery and sanctions that is not only germane to this instant case but essential, which is still pending.

And further, make no mistake that Winterrowd will NEVER again trust Moore's statements or actions as honorable or professional. To date Moore's statements have been dilatory and mendaciously proffered to Winterrowd.

My Hand,

Ralph Kent Winterrowd 2

**Certification:**
I, hereby certify that this document was mailed first class via USPS or delivered personally to the following party, to wit:

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska 99501
907-269-5190 phone
907-258-0760 fax
Stephanie_Galbraith@law.state.ak.us

Date:   August 26, 2008

/s/ Ralph Kermit Winterrowd 2nd