TALIS J. COLBERG
ATTORNEY GENERAL

Stephanie Galbraith Moore
Assistant Attorney General
Office of the Attorney General
1031 W. 4th Ave., Suite 200
Anchorage, Alaska  99501
(907) 269-5190

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD, 2ND )<br><br>          Plaintiff,          )<br><br>     vs.          )<br>          )<br> BRAD L. NELSON, ET AL.,          )<br>          )<br>          Defendants.          )<br>          **)**<br>          )<br>          )<br>          )<br> _____ ) | Case No.: 3:02-cv-00097-JKS<br><br>**REPLY TO OPPOSITION TO<br>MOTION FOR PROTECTIVE<br>ORDER** |

          Plaintiff, Ralph Winterrowd's ("Winterrowd") opposition to the defendants'

motion for a protective order misses the central issue in the defendants' motion; the time to

take written discovery and depose witnesses has passed.   The pre-trial scheduling order

provided that all written discovery and any depositions of witnesses needed to be completed

by July 28, 2008.[1]  Mr. Winterrowd failed to meet that deadline and instead waited until the

_____

     [1]          Order granting unopposed motion to extend discovery dated March 18, 2008.

end of the four month extension he previously sought to begin his discovery efforts.[2]  Because

Mr. Winterrowd filed these requests without first moving to amend the pre-trial order, the

defendants, in an abundance of caution, filed a motion for a protective order to bring the issue

to Mr. Winterrowd's and the Court's attention.[3]

       Instead of addressing the untimeliness of his discovery and demonstrating to the

Court that he had good cause for his delay, Mr. Winterrowd's opposition instead goes on the

offensive focusing on what he views as the defendants' late notice of their unavailability for

depositions he untimely and unilaterally noticed, and his assertions that he has somehow been

lulled into complacency about the discovery deadlines by defendants' counsel.[4]  Neither of

these excuses is availing.

       As to the short notice, this was explained in the defendants' opening motion.[5]

Mr. Winterrowd noticed the depositions after the close of discovery and without contacting

defendants' counsel regarding those dates.[6]  Defendants' counsel and the paralegal assigned to

Mr. Winterrowd's case were in trial in state court on another case when Mr. Winterrowd sent

---

[2]      Motion to Compel Discovery Under Rule 26(a)(1) and Motion To Extend Discovery Two Months Until Defendants Comply at 1.

[3]      Motion for Entry of Protective Order.

[4]      Reply to "Motion For Entry of Protective Order" And to Affidavit of Counsel And Opposition to Motion to Compel and Extend Discovery at 1-2, 4-5.

[5]      Motion for Entry of Protective Order at 3-6.

[6]      *Id.* at 7.

Reply to Opp to Mtn for Protective Order
*Winterrowd v. Nelson, et al.*
3:02-cv-00097-JKS
Page 2 of 4

sent the notices and the witnesses and counsel were not available on the dates Mr. Winterrowd

noticed.[7] This information was included to provide a full explanation for the Court; however,

it is largely irrelevant as the depositions were noticed outside of the deadlines set by the Court

in the pre-trial order. Without the defendants' consent or the Court's agreement to amend the

pre-trial order Mr. Winterrowd has no ability to take the depositions.


Second, Mr. Winterrowd's argument that he was somehow lured into a false

sense of complacency by defendants' counsel is simply untrue. As the attached email

correspondence demonstrates, Mr. Winterrowd was well aware of his need to take these

depositions but failed to set them until discovery had closed.[8] Tentative dates for defendants'

deposition were discussed in February 2008 when several of the defendants were available.[9]

Mr. Winterrowd elected not to take the depositions then, apparently moving instead for an

extension of the discovery deadlines to July 2008, which was granted. On May 28, 2008

Defendants encouraged Mr. Winterrowd to schedule the depositions.[10] Yet, despite the

extension and the defendants' scheduling of Mr. Winterrowd's deposition in June 2008, and

that of his wife initially for June 2008, and the rescheduling of her deposition late July 2008

---

[7]    *Id.*

[8]    Exhibit 1 (pages 1 – 14) to P. Anderson Affidavit attached.

[9]    *Id.* at 12.

[10]   *Id.* at 6.

Reply to Opp to Mtn for Protective Order
*Winterrowd v. Nelson, et al.*
3:02-cv-00097-JKS
Page 3 of 4

because she had a family emergency, Mr. Winterrowd still failed to pursue dates for the defendants' depositions before the close of discovery.

His motion notably provides no excuse for his failure to serve his written discovery earlier except his preference that he complete the depositions first.[11]

Mr. Winterrowd has failed to demonstrate that there is good cause to amend the pre-trial order to allow him to pursue his untimely discovery and deposition requests. His request that the Court order defendants to submit to depositions and respond to his burdensome and untimely discovery requests should be denied.

DATED this 4th day of September, 2008, at Anchorage, Alaska.

TALIS J. COLBERG
ATTORNEY GENERAL

By:    s/ Stephanie Galbraith Moore
       Assistant Attorney General
       Office of the Attorney General
       1031 W. 4th Ave., Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5190
       Fax:    (907) 258-0760
       Stephanie.Galbraith@alaska.gov
       Alaska Bar No. 8911063

This is to certify that on this date, a copy of the foregoing
REPLY TO OPP TO MTN FOR PROTECTIVE ORDER
is being served via U.S. Mail on:

Ralph K. Winterrowd, 2nd
P.O. Box 877109
Wasilla, AK 99687
s/ Stephanie Galbraith Moore     9/4/08

---

[11]    Winterrowd's Reply to "Motion For Entry of Protective Order" And to Affidavit of Counsel And Opposition to Motion to Compel and Extend Discovery at 4.

Reply to Opp to Mtn for Protective Order
*Winterrowd v. Nelson, et al.*
3:02-cv-00097-JKS
Page 4 of 4