IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RALPH KERMIT WINTERROWD, II,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRAD L. NELSON, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:02-CV-00097 (JKS)<br><br><br>O R D E R |

　　　There are two pending discovery motions that will be addressed in this Order.

<u>I - Motion for Protective Order</u>

　　　Defendants moved for a protective order in response to discovery requests submitted by Plaintiff on the last day of the discovery period. *See* Docket Nos. 102 (Mot.); 105 (Resp.); 106 (Reply). On July 28, 2008, Plaintiff submitted to Defendants and former-defendant Casanovas notices of deposition, interrogatories, and requests for admission. *See* Docket Nos. 102-2 - 102-6. Counsel for Defendants spoke with Winterrowd in an attempt to resolve the discovery issue and then filed the motion for protective order. *See* Docket No. 102-7. Defendants' motion will be granted as Plaintiff's requests were clearly untimely.

　　　On July 5, 2007, this Court entered a Scheduling and Planning Order. Docket No. 85. That order expressly stated that "discovery must be scheduled so as to be <u>completed</u> by **March 28, 2008**." *Id*. at 2 (emphasis in original). On Plaintiff's motion, the deadline for completion of discovery was extended to July 28, 2008. Docket No. 100. The discovery requests submitted by Plaintiff on the last day of the discovery period were clearly untimely as they left absolutely no time for Defendants to meet them. *See, e.g.*, Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). With regard

to the noticed depositions, the Court clearly warned Plaintiff that "perpetuation" depositions would not be allowed without application for leave and a showing of good cause as to why the deposition was not taken prior to the close of discovery. Docket No. 85 at 3. Plaintiff did not ask for leave nor does the Court believe good cause can be shown for why Plaintiff did not accomplish these depositions during the year-long discovery period he had at his disposal. That Winterrowd had ample opportunity to depose the Defendants is further demonstrated by the emails exchanged between the Parties. *See* Docket No. 106-2.

II - Motion to Compel

On the last day of the discovery period, Plaintiff filed a motion asking for an extension of the discovery deadline and an order compelling Defendants to furnish him with the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). *See* Docket Nos. 101 (Plaintiff's Mot.); 103 (Defendant's Opp'n); 104 (Plaintiff's Reply). Plaintiff's motion specifically alleges Defendants' failure to disclose seventeen items, most of which are beyond the scope of initial disclosures. Defendants assert that the items identified in Plaintiff's motion have either been provided or are not required by Rule 26(a)(1). Defendants further submit that they have provided all relevant, discoverable, non-privileged information in their possession.

First, the Court could deny Plaintiff's motion as he has not certified that he has conferred or attempted to confer with Defendants in an effort to obtain the requested discovery without court action. *See* Fed. R. Civ. P. 37(a)(1); D. Ak. Local Rules 11.1(a)(4)[A] and 37.1. However, as the record makes plain that any such conference would have been futile, the Court will address the merits of the motion.

Second, if the Court were to construe Plaintiff's motion simply as a request for compulsion of the Rule 26(a)(1) initial disclosures, the motion would be denied. It is clear from the exhibits attached to Defendants' Response that they have made all the initial disclosures required by Rule 26(a)(1). *See* Docket No. 103-2 at 1-11. However, the Court must construe filings from a pro se litigant liberally so as to do justice. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); Fed. R. Civ. P. 8(e). Thus, while Plaintiff explicitly asks only for the initial disclosures, his motion taken as a

ORDER

whole is obviously seeking compulsion of all 17 items of discovery specifically identified. The Court will accordingly address each item in turn.

    1.    *Cellular phone records of the Defendants from April 30, 2000.* Defendants have informed Plaintiff they do not possess cellular phone records for the date in question. Docket No. 103-2 at 13-14.

    2.    *Audio recordings from April 30, 2000.* Defendants have provided Plaintiff with the audio tape of the stop. *See* Docket No. 103-2 at 12. Apparently the dispatch tapes from that date no longer exist and no other audio recordings have been maintained. *Id*. at 13.

    3.    *Training records of Defendants*. Defendants argue these records are protected under Article I of the Alaska Constitution and AS 39.25.080. As discussed *infra*, the cited authority does not hold water in a § 1983 action. However, Defendants' training records are completely irrelevant[1] as the Defendants are named in their individual capacities. Had the State been a defendant, theories of liability, such as failure to train, would have made the training records relevant. That however is not the case at bar.

    4.    *Reprimands or other disciplinary actions of Defendants prior to April 30, 2000.* Defendants argue these records are protected under Article I of the Alaska Constitution and AS 39.25.080. As Defendants have failed to provide a cognizable basis for protection, these records must be discovered to Plaintiff.

Under the Federal Rules of Civil Procedure, the Parties may obtain discovery regarding any matter that is (1) not privileged; and (2) relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Quite reasonably, Defendants have not argued that such records would be irrelevant. *See e.g., Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (conduct records in a peace officer's personnel file may be relevant to, *inter alia*, credibility). As a general category,

---

[1] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The term "relevance" is used in this manner throughout this Order.

ORDER

3

records of Defendants being disciplined or reprimanded would be relevant for discovery purposes in this case.

Defendants have conclusorily stated that these records are privileged by Article 1 of the Alaska Constitution and AS 39.25.080. In a federal question case, such as a civil rights action brought under § 1983, privileges are determined under federal common law. Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987). The burden of establishing privilege under federal common law is on the party resisting discovery. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). While disciplinary records could theoretically be protected under the official information privilege, it is unlikely, and no such claim has been made. *See Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citing *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953) (privilege must be formally invoked by the head of the applicable department after personal consideration of the specific documents)).

In short, Defendants have not established that the requested disciplinary records are irrelevant or privileged. However, out of respect to the confidential nature of these types of documents and to avoid overbreadth, the Court believes it prudent to limit discovery to any records of Defendants being reprimanded or disciplined *for excessive force* in the five years preceding April 30, 2000. Further, those records may be redacted prior to production to eliminate all personal information, such as social security numbers, phone numbers and addresses.

5. *Rules that govern using an automobile as a weapon. . . .* Defendants have appropriately deemed this a request for and disclosed the Department of Public Safety's policies on the use of force. *See* Docket No. 103-2 at 15.

6. *Rules mandating a party exit the safety of his motor vehicle. See* No. 5 *supra*.

7. *Defendants' use of force continuum rules and regulations. See* No. 5 *supra*.

8. *Rules "to take a peaceful party down from behind. . . ." See* No. 5 *supra*.

9. *Source and authority of the warning in the State's computer system that Winterrowd was dangerous. . . .* Defendants have given Winterrowd a copy of the Alaska Public Safety Information Network information pertaining to him. Docket No. 103-2 at 13.

ORDER

10. *Source and authority to violate the "Terry Stop" used to take a party down and search his pockets removing items. See* No. 5 *supra.*

11. *Rules and regulations on "first aggressor". . . . See* No. 5 *supra.*

12. *Documents that prove the Defendants' authority of police power. . . .* This request is completely irrelevant.

13. *Oaths of Office as public officer. . . .* This request is completely irrelevant.

14. *Probable cause documents that precipitated the use of an automobile as a weapon.* This request is completely irrelevant.

15. *What parties were involved in the conversations prior to stopping Winterrowd and during the stop that Nelson kept talking to via a cellular phone.* Defendants have disclosed the names of all persons present at the traffic stop, and have stated they do not possess cellular phone records for the date in question.

16. *Documents that support why the citation was never taken to court. . . .* This is irrelevant to the sole excessive force claim at issue in this case.

17. *Parties that have discoverable information on the dismissing of the citation. . . . See* No.16 *supra*.

With the exception of the Defendants' responsibility to disclose the redacted disciplinary records as discussed above, discovery in this case is closed. There is only one issue left to decide in this case – what actually happened during the traffic stops in question – and that is reserved for the trier of fact. Given this posture, the Court believes this case ready for trial.

**IT IS THEREFORE ORDERED** that:

1. Defendants' motion at **Docket No. 102** is **GRANTED**.

2. Plaintiff's motion at **Docket No. 101** is **DENIED IN PART** and **GRANTED IN PART**. Defendants shall give Plaintiff copies of any records of Defendants being reprimanded or disciplined *for excessive force* in the five years preceding April 30, 2000. Further, those records may be redacted prior to production to eliminate all personal information, such as social security numbers, phone numbers and addresses. Defendants shall furnish Plaintiff with an updated privilege log identifying any of their disciplinary records being withheld and explaining the grounds

ORDER

for such withholding, *i.e.* the record does not pertain to excessive force or is outside the five-year period mandated by the Court.  These disclosures will be accomplished by **September 30, 2008**.

       3.      If any further disagreement over discovery of Defendants' disciplinary records arises, the Parties shall meet and confer in an attempt to resolve the dispute.  If unable to resolve the dispute, Defendants may file a motion for a protective order based on *federal* privilege and/or this Order, and submit to chambers for *in camera* review an updated privilege log and a copy of the disputed documents.  Any such motion shall include a certificate of good faith as required by Local Rule 37.1 and shall be filed no later than **September 30, 2008**.

       4.      The Parties shall file a joint status report no later than **September 30, 2008**, identifying any issues remaining that should be resolved before the Court issues a trial-setting order.

      Dated this 9th day of September 2008.

                                                    /s/ James K. Singleton, Jr.  
                                                 **JAMES K. SINGLETON, JR.**  
                                                 United States District Judge

ORDER